**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4545**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

NICHOLAS OMAR MIDGETTE, a/k/a Bean,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville. James C. Dever III, Chief District Judge. (4:16-cr-00056-D-1)

Submitted: June 15, 2018                    Decided: June 26, 2018

Before GREGORY, Chief Judge, and WILKINSON and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leza L. Driscoll, LAW OFFICES OF LEZA LEE DRISCOLL, PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Seth Morgan Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Omar Midgette pled guilty without a plea agreement to one count of aiding and abetting the distribution of cocaine base, in violation of 18 U.S.C. § 2 (2012), 21 U.S.C. § 841(a)(1) (2012); and five counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Midgette to 71 months' imprisonment. On appeal, Midgette challenges the district court's imposition of a two-level leadership role enhancement pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(c) (2016). We affirm.

"In assessing whether a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo." *United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 1179 (2018); *see United States v. Thorson*, 633 F.3d 312, 317 (4th Cir. 2011) (recognizing that § 3B1.1 determination is factual finding reviewed for clear error). A defendant qualifies for a two-level enhancement if he "was an organizer, leader, manager, or supervisor in any criminal activity other than" one "that involved five or more participants or was otherwise extensive." USSG § 3B.1.1. The enhancement applies only to defendants who organize or lead other participants and not to those who merely exercise control over "the property, assets, or activities of a criminal organization." USSG § 3B1.1 cmt. n.2

We conclude that the district court did not clearly err in applying the enhancement. It reasonably inferred from the fact that a coconspirator served as a middleman between a confidential informant and Midgette that Midgette exercised supervisory authority over

2

the coconspirator. The district court also justifiably concluded that, in referring to another coconspirator as "security," Midgette was describing the man's role in the operation and indicating that he worked for Midgette. Contrary to Midgette's assertion, the district court imposed the enhancement based on evidence showing Midgette's supervisory authority over his coconspirators rather than the mere fact that Midgette sold substantial amounts of drugs.

Moreover, even if the district court erred in applying the leadership enhancement, any such error was harmless. *See United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) ("A procedural [sentencing] error is harmless if (1) the district court would have reached the same result even if it had decided the guidelines issue the other way, and (2) the sentence would be reasonable even if the guidelines issue had been decided in the defendant's favor." (internal quotation marks omitted)). The district court stated that it would have imposed the same term of imprisonment as a variant sentence if it had miscalculated Midgette's Guidelines range, satisfying the first prong of the harmlessness inquiry. Further, we conclude that the extent of the variance is reasonable as the district court adequately grounded the sentence in the 18 U.S.C. § 3553(a) (2012) factors. *See id.* at 911, 915 (holding substantive reasonableness of variant sentence is reviewed for abuse of discretion and reviewing court must consider overall sentence and extent of variance).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3